O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6596 ODW (FFMx) | Date | September 9, 2010 |
|---|---|---|---|
| Title | *Ernesto Garza, et al. v. City of Los Angeles, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   Order GRANTING Motion to Withdraw [23]

Currently before the Court is Moreno & Perez's ("Plaintiffs' Counsel" or "Counsel") August 30, 2010 Motion to Withdraw from its position as Counsel of Record for Plaintiffs Ernesto Garza, V.M.G. (by and through his Guardian ad Litem, Ernesto Garza) and V.G. and A.G. (by and through their guardian ad litem, Rhonda Garza) in this matter.  (Dkt. # 23.)  After reviewing the documents filed in support of the instant Motion, and taking into account the fact that no opposition has been filed, the Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The September 27, 2010 hearing on this matter is therefore, **VACATED**, and no appearances are necessary.  For the following reasons, Counsel's Motion for Leave to Withdraw is **GRANTED**.

Pursuant to Local Rule, "an attorney may not withdraw as counsel except by leave of court." L.R. 83-2.9.2.1; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  "An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  L.R. 83-2.9.2.1. In cases where the client is a corporation, Local Rule 83-2.9.2.3 requires that the attorney "give written notice to the corporation . . . of the consequences of its inability to appear pro se."  Further, where withdrawal of counsel will cause "delay in prosecution of the case to completion," the moving party must show "good cause" and that "the ends of justice require" withdrawal.  L.R. 83-2.9.2.4.  The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).

After reviewing Counsel's stated reason for withdrawal, the "irreparable breakdown in communication between [Plaintiffs and Plaintiffs' Counsel] . . . such that representation is no longer possible," the Court concludes that there is good cause to grant Counsel's Motion.  Further, Counsel

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6596 ODW (FFMx) | Date | September 9, 2010 |
|---|---|---|---|
| Title | *Ernesto Garza, et al. v. City of Los Angeles, et al.* | | |

has represented to the Court that Plaintiffs have been advised that upon the granting of this Motion, Counsel will no longer represent them in this case, that Ernesto and Rhonda Garza may not represent themselves as guardians for their minor children, that their failure to retain substitute counsel may lead to an order striking their pleadings, and that they must inform the Court of their contact information such that they may be kept abreast of matters pertaining to their case. (Declaration of Frank Perez in Support of Motion to Withdraw ¶¶ 3, 4.)

Accordingly, Counsel's Application to Withdraw is **GRANTED**. However, because they may not appear *pro se* on their own behalf as guardians, Plaintiffs are hereby **ordered to file notice of Substitution of Attorney no later than sixty (60) days from the date of this Order.** *Failure to do so will result in the dismissal of this matter for lack of prosecution.*

The Court is also in receipt of the parties' September 7, 2010 Joint Stipulation Re: Continuance of Filing New Proposed Case Schedule. (Dkt. # 24.) Indeed, the issuance of a Scheduling and Case Management Order is premature absent Plaintiffs' retention of substitute counsel such that this matter may continue. Accordingly, the parties' stipulation to delay the filing of a Proposed Case Schedule is hereby **ACCEPTED**. **Should Plaintiffs properly file notice of Substitution of Attorney, the parties are hereby ordered to file a Proposed Case Schedule within thirty (30) days of that notice.**

**IT IS SO ORDERED.**

-- : 00

Initials of Preparer   RGN